FILED
IN CLERKS OFFICE

United States District Court District of Massachusetts

2021 JUN 24 PM 4: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No. 120-cr-10198-FDS |
| v. | ) | |
| | ) | |
| Adriano Cortez | ) | |
|  Defendant, | ) | |

## DEFENDANT'S MOTION FOR CLARIFICATION DID CONGRESS INTEND TITLE 21 U.S.C. § 846 TO BE A CONTINUING OFFENCE JUST AS TITLE 21 U.S.C. § 848 CONTINUING CRIMINAL ENTERPRISE?

The charged defendant Adriano Cortez moves the Government to clarify for the record did congress intend title 21 U.S.C. § 846 to be a continuing offence just as title 21 U.S.C. § 848 continuing criminal enterprise? See Lynch v. Tropicana Prods, 2013 U.S. Dist. LEXIS 128410 (3rd Cir. 2013).

I.   **Legal Standard**

"The general purpose of a motion clarification is to explain or clarify something ambiguous or vague, not to alter or amend." Resolution Trust Co. v. KPMG Peat Marwick, No. Civ. A. No. 92-1373, 1993 U.S. Dist. Lexis 16546, 1993 WL 211555 at *2 (E.D. Pa. June 8, 1993). Conversely, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Copr. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986) (citation omitted). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." NL indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). Local Rule 7.1 (i), under which such motions are governed, does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.K. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994). It is improper to "ask the court to rethink what it ha[s] already through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. 744 F. Supp. 1311, 1314 (D.N.J. 1990). Motion for clarification are often evaluated under the standard for a motion for reconsideration in this jurisdiction. See, e.g. Fastware, LLC v. Gold Type Business Machines, Inc., Civil Action. 09-1530, 2009 U.S. Dist. LEXIS 59866, 2009 WL 2151753, at *2 (D.N.J. July 14, 2009); see also Nye v. Ingersoll Rand Co., Civ. A. No. 08-3481, 2011 U.S. Dist. LEXIS 7383, 2011 WL 25957, at *3 (D.N.J. Jan. 25, 2011).

The second circuit District Court recently held that: "Unlike a motion for reconsideration a "motion for clarification is intended to alter or change a courts order but merely to resolve alleged ambiguous / ambiguities in that order. Metcalf v. Yale Univ., 2019 U.S. Dist. LEXIS 70306 (2d Cir. 2019). See Deutsche Bank Nat'l In. Co. v. WMC Morthahe, LLC, 12-CV-969, 12-CV-1699, & 12-

CV-1347 (CSH), 2015 WL 11237310, at 6 (D. Conn., July 6, 2016) ("A clarification motion asks the court:

"What did you mean to say?" (A reconsideration motion says to the court: "we know what you said." "It was wrong." "Change it."

## Question Presented

**DEFENDANT NEEDS TO KNOW FOR TRIAL PURPOSES DID CONGRESS INTEND TITLE 21 U.S.C. § 846 TO BE A CONTINUING OFFENCE JUST AS TITLE 21 U.S.C. § 848 CONTINUING CRIMINAL ENTERPRISE?**

The question here lies: "did Congress intend TITLE 21 U.S.C. § 846 to be a continuing offence just as TITLE 21 U.S.C. § 848 CONTINUING CRIMINAL ENTERPRISE?"

Respectfully Submitted,

By Adriano Cortez

*/s/ Adriano Cortez*

Date: June 15, 2021

### CERTIFICATE OF SERVICE

I Adriano Cortez hereby certify that the foregoing document is being served today by United States mail to The District Court, AUSA.