UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 1:20-cr-10198-FDS |
| ADRIANO CORTEZ, a/k/a, "A," | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO ALLOW EVIDENCE
REGARDING GPS LOCATION DATA**

The United States respectfully requests that this Court allow the Government to present evidence of the defendant's location data obtained from the defendant's GPS ankle monitor while the defendant was on pre-trial release in connection with the state charges stemming from his arrest on March 30, 2015 in Weymouth, Massachusetts (the "Weymouth Case").[1]

Following the defendant's March 30, 2015 arrest in the Weymouth Case, the state court ordered GPS ankle monitoring of the defendant as part of his pre-trial release.   The facts of the Weymouth Case underly both Counts One and Two of the Superseding Indictment.  The defendant was wearing this GPS ankle monitor while he orchestrated numerous sales of narcotics in the fall of 2017 to undercover Boston Police Officers, which are also part of the Conspiracy charged in Count One.

---

[1] The Court has previously addressed the issue of information obtained from the GPS electronic monitoring system: on July 26, 2021, the Court denied the defendant's motion to suppress such information obtained from the electronic monitoring system.  ECF Dkt. No. 359 ("Defendant was subject to electronic monitoring as a condition of his release, and knew that he was wearing a device on his ankle that permitted his location to be monitored by GPS. He had no reasonable expectation of privacy in the data that resulted from that monitoring that indicated his geographical location. The Court has not been made aware of any disputed issues of fact that could be resolved by an evidentiary hearing as to Adriano Cortez (1).").

Evidence regarding GPS location information is highly relevant to the government's case. Specifically, the government seeks to introduce this GPS location information for at least two reasons:

    (a)    the government expects that the evidence at trial will show that this GPS location information will establish that the defendant was in his residence on Geneva Avenue in Boston around the time of certain of the undercover transactions, consistent with surveillance that showed the defendant's co-conspirators coming from or returning to the Geneva Avenue address around the time of the undercover transactions; and

    (b)    the government expects that the location information will further explain why the defendant used drug runners to conduct the undercover drug transactions – in other words,  the fact that he was on GPS location monitoring prohibited him from leaving his residence to conduct the transactions himself, thus requiring his employment of co-conspirators to conduct the hand-to-hand aspect of the narcotics sales to undercover officers.

The government anticipates calling a Commonwealth of Massachusetts Pre-trial Services Officer to testify as to the GPS location information.

ACCORDINGLY, the United States requests that the Court issue an order allowing evidence regarding GPS location information.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:    /s/ John T. Mulcahy
John T. Mulcahy
Sarah B. Hoefle
Assistant United States Attorneys
617-748-3641

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ John T. Mulcahy*
John T. Mulcahy
Assistant U.S. Attorney

Date: October 1, 2021