UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>     v.                                              )<br>                                                      )  Docket No. 1:20-cr-10198-FDS<br>ADRIANO CORTEZ, a/k/a, "A,"        )<br>                                                      )<br>     Defendant                              ) | |

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING POTENTIAL CONSEQUENCES OF CONVICTION

Pursuant to Federal Rule of Evidence 403, the United States respectfully requests that this Court preclude the defendant from either eliciting testimony during the trial, or referencing during opening statement or closing argument, any information regarding the potential penalties the defendant faces – including any mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(b) and 846 or United States Sentencing Guideline range – if he is convicted of the charges contained in the Superseding Indictment.

As grounds for this motion, the government states that it is not appropriate for the jury to consider what sentence the defendant is likely to receive if convicted, as sentencing lies squarely within the sound discretion of the court. *See United States v. Mulinelli-Navas*, 111 F.3d 983, 987-88 (1st Cir. 1997) ("Had [the defendant] successfully elicited this information, the potential punishment she faced, should the jury find her guilty, would have been before the jury. The actions taken by the district court to prevent this information, which could confuse the issues presented to the jury … were thus entirely proper.") (citing *United States v. Alvarez*, 987 F.2d 77, 82 (1st Cir. 1993)). Such information is not appropriate for the jury to consider in determining guilt or innocence and may further lead to jury confusion. *Id.*; *Alvarez*, 987 F.2d at

82 (district court properly concluded that testimony regarding co-defendant's punishment was improper where it might "mislead or confuse the jury; particularly where, as here, the witness sought to testify to the same penalties faced by the defendants.").

ACCORDINGLY, the United States requests that the Court issue an order precluding the defendant from eliciting any testimony or making any reference to any punishment consequences that he faces if convicted.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:  /s/ John T. Mulcahy
John T. Mulcahy
Sarah B. Hoefle
Assistant United States Attorneys
617-748-3641

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ John T. Mulcahy*
John T. Mulcahy
Assistant U.S. Attorney

Date:  October 1, 2021