UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.              )<br>)<br>ADRIANO CORTEZ, a/k/a, "A,"  )<br>)<br>Defendant   ) | Docket No. 1:20-cr-10198-FDS |

**GOVERNMENT'S MOTION IN LIMINE**
**TO PRECLUDE EVIDENCE REGARDING RACIAL BIAS**

Pursuant to Federal Rule of Evidence 403, the United States respectfully requests that the Court preclude the defendant from either eliciting testimony during the trial, or referencing during opening statement or closing argument, any information regarding his race or that the actions of police or investigators in this case were motivated in any way by race.

At the motion to suppress hearing in this case held on August 25, 2021, the defendant attempted to introduce such evidence. *See, e.g.*, ECF Dkt. No. 391 at 23–25, 87–88. The officers credibly and clearly denied that racial bias played any role in their actions in this case. *See id.* Despite that record, defense counsel argued racial bias in his closing argument held on September 14, 2021. The Court rejected such argument based on the fact there was no evidence in the record supporting such claims.

Moreover, on July 16, 2021, the Court denied the defendant's motions to suppress for racial motivation. ECF Dkt. No. 333. Given the Court's decision, the defendant should not be able to re-argue an issue that the Court has already decided. In denying the defendant's motion, the Court (1) noted that the defendant made "only [] conclusory statements" and (2) stated that "the record suggests that the challenged police actions (such as the running of license plates

through the computer) were routine law enforcement actions;" that "the records suggests that [the stop of Mr. Castle, a street-level drug purchaser] was supported by a reasonable and articulable suspicion;" that "the record suggests that there was probable cause to arrest the defendant;" and that "[t]o the extent [the defendant] contends that Mr. Castle, who is white, was not prosecuted, that offers little support to his claim. Mr. Castle is not similarly situated, as he was a mere street-level purchaser of drugs who cooperated with the police." *Id.*; *see also* ECF Dkt. No. 334 (denying defendant's motion for discovery of materials related to selective prosecution).

There is a serious risk that such argument regarding alleged racial bias could lead to jury nullification. Mention of race may lead to unfair prejudice and cause the jury to decide "on a purely emotional basis" and it may create an "undue tendency to suggest a decision on an improper basis." Fed. R. Evid. 403 Note of Advisory Committee; *see United States v. Rodriguez Cortes*, 949 F.2d 532, 542 (1st Cir. 1991) ("[E]vidence that appeals to the jury's racial or ethnic bias may impermissibly sway a jury's verdict…evidence that improperly plays upon such bias has no place in a criminal trial.") (citing *United States v. Doe*, 903 F.2d 16, 21-22 (D.C. Cir. 1990)); *see also United States v. Pemberton*, 435 F. Supp. 3d 250, 257 (D. Me. 2020) ("Typically, race is not relevant to a criminal prosecution and its introduction into a drug trafficking trial would violate both Federal Rule of Evidence 402 and Rule 403.")[1]

---

[1] To be clear, in *Pemberton*, where the government similarly sought a pretrial ruling as to race, the Court reserved deciding the issue until trial, acknowledging that such questioning may be appropriate depending on the way the evidence was presented at trial. *Pemberton*, 435 F. Supp. 3d at 257. However, the Court held that untethered accusations of racial bias with no evidentiary foundation are not admissible and would not be permitted. *Id.* at 257 ("The suggestion that unnamed people within Indian Township are biased against African-Americans and commonly use the N-word is another matter and the Court views that evidence as having so little relevance and so great a prejudicial impact to likely warrant its exclusion.

ACCORDINGLY, the United States requests that the Court issue an order precluding the defendant from eliciting any testimony or making any reference to his race or that the actions of police or investigators in this case was motivated in any way by race.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:  /s/ John T. Mulcahy
John T. Mulcahy
Sarah B. Hoefle
Assistant United States Attorneys
617-748-3641

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ John T. Mulcahy*
John T. Mulcahy
Assistant U.S. Attorney

Date:   October 1, 2021