UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No:   20-10198-FDS |
| ADRIANO CORTEZ, | ) |
| Defendants. | ) |
| | ) HEARING REQUESTED |

### DEFENDANT CORTEZ'S MOTION
### *IN LIMINE* REGARDING ALL EVIDENCE DERIVED FROM THE
### VIOLATION OF THOMAS CASTLE'S RIGHTS

NOW COMES the defendant, Adriano Cortez, ("Cortez"), through counsel, and respectfully moves this Honorable Court to preclude the government from introducing any and all evidence derived from the unlawful detention and interrogation of Thomas Castle.   In support thereof, counsel states the following:

### INTRODUCTION

Thomas Castle testified at a suppression hearing on August 25, 2021, that prior to the time that he confessed to purchasing drugs from a person alleged to be the Defendant, he was placed in handcuffs and repeatedly interrogated by a Weymouth police officer.[1]  It was only after the restraint of Mr. Castle's liberty and repeated interrogation that Mr. Castle confessed to the purchase.   It is respectfully submitted that this police tactic violated Mr. Castle's constitutional rights.

---

[1] The transcript of the August 25, 2021, hearing has been filed with the Court and is incorporated herein by reference.

1

## **ARGUMENT**

Courts have held that a violation of another person's fifth amendment rights may rise to the level of a violation of a defendant's rights to a fair trial. s*ee also United States ex rel. Cunningham v. DeRobertis,* 719 F.2d 892, 895–96 (7th Cir.1983); *Bradford v. Johnson,* 354 F.Supp. 1331 (E.D.Mich.1972), *aff'd,* 476 F.2d 66 (6th Cir.1973)(due process rights are implicated when the government seeks a conviction through use of evidence obtained by extreme coercion or torture and the issue is whether the government's investigation methods resulted in a fundamentally unfair trial). Here, Castle's rights were violated by the Weymouth police resulting in the seizure of evidence which will be used at trial against the Defendant. As a result, this Court is respectfully urged to preclude the government from offering such evidence at trial.

WHEREFORE, the Defendant requests that the Court preclude the government from seeking to admit any evidence derived from the Castle interrogation at trial.

                                        Respectfully submitted,

                                        Peter Charles Horstmann, Esq.
                                        BBO #556377
                                        450 Lexington Street, Suite 450
                                        Newton, Massachusetts 02466
                                        (617) 519-9011

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann hereby certify that on October 4, 2021, I caused a copy of the foregoing motion to be served by ECF upon John Mulcahy, AUSA, U.S.Attorney's Office, 1 Courthouse Way, Boston, MA 02110.

                                        Peter Charles Horstmann