UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
**UNITED STATES OF AMERICA,** )
)
v. )
) Criminal No: 20-10198-FDS
**ADRIANO CORTEZ,** )
 **Defendants.** )
_____)

**"DUE PROCESS PROTECTIONS ACT" MOTION TO DISMISS FOR LATE DISCLOSURE OF *BRADY* EVIDENCE *and* MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTIONS *IN LIMINE* REGARDING NON-RELATED CASES (ECF#480)**

NOW COMES the Defendant Adriano Cortez, ("Cortez"), through counsel, and moves to dismiss the superseding indictment pursuant to Rule 5 of the Federal Rules of Criminal Procedure, the Due Process Protections Act, *Brady v. Maryland*, 373 US. 83 (1963), and Local Rule 116.2 for late disclosure of exculpatory evidence. The defendant also hereby states his opposition to the government's motion *in limine,* (ECF# 480). In support thereof, counsel states the following:

1. On October 27, 2020, this Magistrate Judge Kelly ordered the government pursuant to the 2020 Due Process Protections Act, *Brady v.*

1

*Maryland,* 373 US. 83 (1963) and Local Rule 116.2, to disclose "all exculpatory information, ***in a timely manner, to the defendant.***" (ECF#100).

2. Magistrate Kelly listed the sanctions for non-compliance as "reversal of any conviction, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and/or sanctions by the Court."  (ECF#100).

3. On October 14, 2021, the government first disclosed the existence of *Brady* evidence that three individuals charged in the Boston Police Department Hyde Park Evidence Control Unit overtime cases had potentially handled evidence in Cortez's case because they " were named on drug evidence documents related to drug evidence in this case".

4. The defendant also objects to the late disclosure of all of this evidence. Local Rules required that evidence be turned over 28 days after arraignment and subject to modification by the Magistrate Judge as to the establishment of a discovery deadline.  Local Rule 116.1.

5. The discovery deadline has long since expired.

6. The last reference to discovery being proved was on May 12, 2021, ECF#229.

7. The government has clearly been in possession of this evidence for a long time, having investigated and indicted multiple individuals in these cases.[1]

8. The evidence is clearly exculpatory and admissible because it casts doubt on the controls put in place by the Boston Police Department to safeguard, protect and certify the chain of custody of evidence in every case.

9. In 2020, Congress enacted the Due Process Protection Act which was designed to remind prosecutors of their strict obligations under *Brady* and the consequences for a violation of this obligation.  Pub. L. No. 116-182, 134 Stat. 894 (2020)(amending Federal Rule of Criminal Procedure 5, which now requires that "[i]n all criminal proceedings ... the judge shall

---

[1] While this evidence is exculpatory, it is likely that all 3 witnesses identified by the government will assert their Fifth Amendment privilege if called to testify.  In the event that this occurs, the defendant will request that the Court take judicial notice of the cases and dispositions of each witness because these are active dockets in the same courthouse as the instant case.  Federal Rules of Evidence, Rule 201(b)(1)(court may take notice of any fact within the court's territorial jurisdiction).

issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law." Fed. R. Crim. P. 5(f)(1)).

10. *Brady* evidence includes evidence which casts doubt on the government's case, the defendant's guilt or the reliability of any evidence in the government case. *United States v. Jones*, 620 F.Supp.2d 163 (D.Mass. 2009); *United States v. Tsarnaev,* Lexis 168847 (2013).

11. On October 17, 2021, the government filed a motion to preclude Cortez from using this evidence at trial. (ECF#480).

12. For the reasons set forth herein, this motion should be denied.

WHEREFORE, this Honorable Court is respectfully urged to dismiss the superseding indictment and to deny the government's motions *in limine* and/or grant any further relief it may deem appropriate.

Respectfully submitted,

Peter Charles Horstmann, Esq.
BBO #556377
450 Lexington Street, Suite 450
Newton, Massachusetts 02466
(617) 519-9011

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann hereby certify that on October 18, 2021, I caused a copy of the foregoing motion to be served by ECF upon John Mulcahy, AUSA, U.S. Attorney's Office, 1 Courthouse Way, Boston, MA 02110.

Peter Charles Horstmann