UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 20-10198-FDS |
| | ) | |
| ADRIANO CORTEZ, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS FOR LATE DISCLOSURE OF BRADY EVIDENCE

The United States of America, by Nathaniel R. Mendell, Acting United States Attorney, John T. Mulcahy and Sarah B. Hoefle, Assistant United States Attorneys, hereby files this opposition to defendant's motion to dismiss for late disclosure of Brady evidence.

### ARGUMENT

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

As an initial matter, the evidence here is not material to the case. The evidence relates to the indictment of certain officers who are listed on chain of custody forms maintained by the Boston Police Evidence Control Unit. As far as the government is aware, these indicted officers accepted the drug evidence at the Evidence Control Unit; and/or transported the evidence to the State Police Crime Lab. These officers have been indicted for fraud and theft crimes related to false claims for overtime. As far as the government is aware, these officers did not tamper with or manipulate the drug evidence in this case. Therefore, the evidence is not material to the defendant's guilt. Moreover, evidence related to the Boston Police Evidence Control Unit does

not bear on the defendant's drug trafficking in Weymouth, Massachusetts that is the basis for Count II of the superseding indictment; and therefore it is not material to that count of the indictment.

A *Brady* claim has three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the government either willfully or inadvertently; and (3) prejudice must have resulted. *United States v. Paladin*, 748 F.3d 438, 443–44 (1st Cir. 2014) (citing cases).

Applying the *Paladin* factors, the defendant's motion should be denied. First, the evidence does not appear to be exculpatory. As already discussed, the evidence is not material to nor does it impeach the government's case. These officers were not involved in seizing this evidence during the controlled buys nor were they involved in testing the drugs. As far as the government is aware, the drugs would have remained in sealed bags from the time that they went to the Evidence Control Unit through and including when they were brought to the State Police Crime Lab for testing.

Second, the evidence has not been suppressed because the defendant has received the information in time to use it at trial. Indeed, the defendant was aware of this information at the detention hearing in this matter on September 14, 2020. Defense Counsel elicited testimony from Detective Sergeant Broderick about the storage location of the drugs. (Docket Number 144, Page 54, Lines 14-18). Defense Counsel also argued this point as part of the hearing:

> Defense Counsel: And I would point out for argument that the – I believe one of the people arrested and charged in the Federal Court on the overtime scandal involving the Boston Police was in charge -- someone who was in charge of the evidence locker, the very evidence locker that these drugs sat in untested for, I believe, a 13- or 14-month period of time.

On October 13, 2021, the government learned in trial preparation that certain officers who had been charged in the overtime case appeared on evidence forms in this case.  On October 14, 2021, the government confirmed that three officers who appeared on those forms were charged and had pleaded guilty in the overtime case and disclosed the same to defense counsel the evening of October 14, 2021.[1]  Therefore, the information has not been suppressed before trial.

Third, no prejudice has resulted here because the defendant has received this information before trial.  The evidence consists of approximately 30 pages of documents from the Boston Police Evidence Control Unit.

## **CONCLUSION**

For those reasons stated above, the Court should deny defendant's motion to dismiss for late disclosure of Brady evidence.

                                                Respectfully submitted;

                                                NATHANIEL R. MENDELL
                                                ACTING UNITED STATES ATTORNEY

                              By:    /s/ *John T. Mulcahy*
                                        John T. Mulcahy
                                        Sarah B. Hoefle
                                        Assistant U.S. Attorneys

Dated:       October 20, 2021

---

[1] On October 19, 2021, the government disclosed one additional officer who was also included on the same indictment disclosed on October 14, 2021.  That officer has not pleaded guilty unlike the three officers disclosed on October 14, 2021.

**Certificate of Service**

    This is to certify that I have served counsel for the defendant a copy of the foregoing document by electronic mail via the ECF system.

/s/ *John T. Mulcahy*
John T. Mulcahy
Assistant U.S. Attorney

Dated:      October 20, 2021