UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 20-10198-FDS |
| | ) | |
| ADRIANO CORTEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE DEFENDANT'S
PROPOSED JURY INSTRUCTION NO. 24
<u>REGARDING STATUTE OF LIMITATIONS</u>**

Now comes the Acting United States Attorney and files this motion to strike defendant's Proposed Jury Instruction No. 24 regarding Statute of Limitations under Title 18 U.S.C. § 3282.

**<u>BACKGROUND</u>**

On November 21, 2017, the defendant removed his GPS monitor bracelet; he remained a fugitive until he was taken into custody until July 16, 2020. (Docket Number 471). In response to two motions by defendant, the Court ruled that the statute of limitations was tolled when the defendant removed his GPS monitor. (Docket Numbers 199, 223, 332). Despite these rulings, the defendant still raises this issue again in the form of a jury instruction. (Docket Number 467). However, the defendant has not submitted any evidence to the Court or otherwise proffered how the fugitive tolling exception to the statute of limitations does not apply. 18 U.S.C. § 3290 ("No statute of limitations shall extend to any person fleeing from justice.").

A defendant is only entitled to an instruction on a relevant defense "if the evidence would permit a jury to accept the defense." *United States v. Dung Cao*, 471 F.3d 1, 4 (1st Cir. 2006) (citing *United States v. Gamache*, 156 F.3d 1, 9 (1st Cir. 1988)). A defendant who seeks to raise

an affirmative defense in a jury instruction "must point to the evidence from which a rational jury could find the defense to be proved." *Dung Cao*, 471 F.3d at 4.

The Eighth Circuit Court of Appeals dealt with this issue directly in *United States v. Gonzalez*, 495 F.3d 577, 579-80 (8th Cir. 2007), where the defendant challenged the district court's decision to deny a jury instruction supporting a statute of limitations defense claiming that he made a bona fide attempt to surrender. The Eighth Circuit affirmed the district court's decision that Gonzales had presented insufficient factual support for a statute of limitations defense. The Court held that a defense need not be submitted to the jury, when no "reasonable person might conclude the evidence supports defendant's position." 495 F.3d at 579 (quoting *United States v. Kabat*, 797 F.2d 580, 91 (8th Cir. 1986)). Similarly, here, none of the defendant's proposed exhibits or witnesses suggest any meritorious defense to the tolling principle.

Because the defendant has shown no indication of any evidence establishing that § 3290 is not applicable in this case, the government respectfully requests that the Court deny the defendant's Proposed Jury Instruction No. 24.[1]

---

[1] If the defendant does put forth evidence to support such a defense, the government intends to put on a rebuttal case showing that the defendant removed his GPS bracelet, fled from justice and was only prosecuted after authorities apprehended him. Furthermore, the government would request that the Court include in addition to Jury Instruction No. 24 that "no statute of limitations shall extend to any person fleeing from justice." 18 U.S.C. § 3290.

                                                Respectfully submitted,

                                                NATHANIEL R. MENDELL
                                                ACTING UNITED STATES ATTORNEY

                                  By:     /s/ *John T. Mulcahy*
                                                John T. Mulcahy
                                                Sarah B. Hoefle
                                                Assistant U.S. Attorneys

Dated:   October 21, 2021

## Certificate of Service

This is to certify that I have served counsel for the defendant a copy of the foregoing document by electronic mail via the ECF system.

                                                /s/ *John T. Mulcahy*
                                                John T. Mulcahy
                                                Assistant U.S. Attorney

Dated:  October 21, 2021