FILED
IN CLERKS OFFICE

2022 APR 18 PM 2: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

United States District Court
District of Massachusetts

United States of America )
)
)                          Case No. 20-Cr-10198-FDS
v.                         )
)
Adriano Cortez            )
_____           )
         Defendant,        )

## DEFENDANT'S MOTION AND MEMORANDUM TO BAR PROSECUTION FROM USING SENTENCING FACTORS TO ENHANCE A DEFENDANT'S SENTENCE. HERE THE DEFENDANT MOVES TO BAR THE GOVERNMENT FROM USING SENTENCING FACTORS TO PREVENT A VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Now comes the Defendant  moves to bar the Government from using prior convictions "A.K.A" "Sentencing Factors" to enhance the defendant's sentence in light of Supreme Court overruling McMillan v. Pennsylvania, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986); and its progeny Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). The Defendant contends that the using of sentencing factors violates the Fifth and Sixth Amendments of the United States Constitution, and is unconstitutional. Therefore, the Defendant moves to bar to the Government from using any sentencing factors at sentencing.

### Argument

In fact, for years the Supreme Court has allowed the Courts to entertain "sentencing enhancements" by using unrelated prior convictions to substantially increase a defendant's sentencing penalty, pursuant to McMillan, Almendarez-Torres and its progeny.

However, the question on how to define a crime, and how to determine what facts must be submitted to the jury has generated divided opinions from the Supreme Court. The principle source of disagreement is the Constitutional status of a special sort of fact, known as a "Sentencing Factor". This term was first used in McMillan v. Pennsylvania. Introduction of this term ("sentencing factor"), has encouraged the Supreme Court to make a number of efforts to delimit its boundaries.

Furthermore, McMillan initially involved the distinction between elements, and sentencing factors, to reject the constitutional challenge to McMillan's mandatory minimum Sentencing Act. See 42 Pa Cons Stat § 9712 (1982) (the Act). The Pennsylvania's Mandatory Minimum Sentencing Act provided that anyone

convicted of certain felonies would be subject to a mandatory minimum sentence, if the judge found by the preponderance of the evidence (preponderance of the evidence standard) that an accused committed a specific crime. Id 477 U.S. at 81 - 82.

In McMillan, the Supreme Court acknowledged that there were constitutional limits to the states' ability to define the crimes, and prescribed penalties. The Court found that the Pennsylvania Legislature has expressly provided that visible possession of a firearm is not an element of the crimes enumerated in the mandatory sentencing statute, § 9712(b), but instead is a sentencing factor that comes into play only after a defendant has been found guilty of one of those crimes beyond a reasonable doubt. 477 at. 86 - 87. In the Courts view, this allowed the judge rather than the jury, to find the facts of the case by the preponderance of the evidence standard without violating the Constitution.

However, in light of Appendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), in defending its sentencing scheme, the State of New Jersey argued that under McMillan the legislature could define racial bias as a sentencing factor to be found by a judge. The Supreme Court declined to extend McMillan that far. The Court explained that there were no principle bias for treating a fact increasing the maximum term of imprisonment differently from the facts constituting a base offense. Apprendi v. New Jersey, 530 U.S. at 476.

Instead, the historical link between a crime, and punishment, has led the Supreme Court to conclude that any fact that increases the prescribed statutory sentence must be an element of an offense to be found by the jury. See Harris v. United States, 536 U.S. 545, 568-69, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002). The Supreme Court squarely confronted the question whether "McMillan stands after Apprendi". 536 U.S. at 550. Five members of the Supreme Court recognized that the cases were in fact incompatible. In rejecting a Constitutional challenge to a State statute that increased a defendant's minimum mandatory sentence based on judicial fact finding, McMillan relied on a distinction between elements, and sentencing factors. See McMillan, 477 U.S. at 86. That standard was undermined by Apprendi, where the Supreme Court held that: "A legislature may not remove from the jury assessment of facts that increase the range of prescribed penalties to which a criminal defendant is exposed". 530 U.S., at 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (Internal quotation marks omitted).

Now turning back to the case at hand, I assert that the Supreme Court has applied Apprendi to strike down mandatory minimum sentencing systems (at the State and Federal levels), without a jury finding proof beyond a reasonable doubt of every, and any fact that alters a sentence. See Cunningham v. Califonia, 549 U.S. 270 (2007); United States v. Booker, 543 U.S. 220 (2005); see also Blakely v. Washington, 542 U.S. 296 (2004).

The Supreme Court has also recognized that Apprendi reasoning also extends to criminal fines. See Southern Union Co. v. United States, 567 U.S. 343 (2012) (imposition of criminal fines based on judicial fact

2

finding). Therefore, the government **(including the District Court)** would have to acknowledge that the court simply gives effect to what five members of the Supreme Court had recognized in Alleyne; Our Sixth Amendment jurisprudence cannot be home to both. The Supreme Court overruled McMillan and Harris, because the reasons of those decisions have been thoroughly undermined by intervening decisions established by the Supreme Court.

If any doubt remains, the decision in United States v. Haymond, 139 S. Ct. 2369, 204 L. Ed. 2d 897 (2019), reversed, finding no basis in the original understanding of the Fifth and Sixth Amendments for McMillan and Harris. The Supreme Court expressly overruled those decisions, and held that the principle applied to Appendi and United States v. Alleyne, 570 U.S. 99 (2013) applies with equal force to facts increasing the mandatory minimum as it does the facts increasing the statutory maximum penalty. Id 57 U.S. 112. Here, the jury must have had to find any fact that may alter the defendant's sentence, for such enhancements to be applied to the accused at the sentencing stage.

### A.   IT IS MCMILLAN'S PROGENY THAT THIS DISTRICT COURT MUST OVERRULE; AFTER MCMILLAN AND HARRIS HAVE BEEN ABROGATED AND DESTROYED

Therefore, these decisions left an important gap, the First and Second Circuit Court of Appeals has made it perfectly clear. In United States v. Wright, 873 F.2d 437, 441 -42 (1st Cir. 1989), the First Circuit held that: "The Government need not prove facts used in sentencing used beyond a reasonable doubt". And that the preponderance of the evidence standard satisfies Due Process. See United States v. Goodine, 326 F.3d 26 (1st Cir. 2003).

The Second Circuit court of Appeals held in United States v. Barrios, 1998 U.S. App. LEXIS 31790, it is well established that: as a general matter, application of the preponderance standard at sentencing... satisfies Due Process. See also United States v. Watts, 519 U.S. 148 (1997) (Citing McMillan v. Pennsylvania, 477 U.S. 79 (1986) and its progeny). These cases present a post - Apprendi opportunity to determine congressional intent regarding the drug quantity language of 21 U.S.C. sec. 841.

In McMillan, the S. Ct. has previously found that the instrumentality used in commission of a crime was a factor that has always been considered by sentencing courts to bear on punishment, and therefore, was not an element of the crime. McMillan has subsequently been re-affirmed in light of recent sentencing decisions. Harris v. United States, 536 U.S. 545 (2002).

In the present case, the government plans to enhance the defendant's sentence pursuant to U.S.S.G. § 3B1.1 (a) claiming Mr. Cortez was an organizer or leader, and use additional sentencing factors, which will be unconstitutional for the reasons stated below.

3

In Alemendarez-Torres v. United States, 523 U.S. 224, 140 L. Ed 2d 350 (1998), the Supreme Court considered 8 U.S.C. § 1326(b)(2) to be a penalty provision (sentencing factor), which predicated an increase penalty in a prior conviction of an aggravated felony. Alemendarez-Torres, 523 U.S. at 227. The Supreme Court extended McMillan and held that a prior conviction is a sentencing factor, rather than an element establishing a separate offense. Id 523 U.S. at 229; See Witte v. United States, 515 U.S. 389, 401, 115 S. Ct. 2199, 132 L. Ed. 2d 554 (1995); see also United States v. Watts, 519 U.S. 148, 156 - 157, 136 L. Ed. 2d 554 (1997).

Moreover, in Federal Cases which an accused has been convicted on one charge and acquitted on another charge, the jury's verdict of acquittal was held not to prevent the sentencing court from considering conduct of the accused that underlay the acquitted charge. The Supreme Court made it clear, with respect to federal criminal defendants, Title 18 U.S.C. § 3661 provides that no limitations shall be placed on an information concerning a background, character, and conduct of a person convicted of an offense that a court of the United States may receive, and consider for the purposes of imposing an appropriate sentence. This Statute violates the Due Process Clause and is unconstitutional.

For the reasons cited above, including the case line of authority, the lower court is asked now to do away with McMillan v. Pennsylvania; Almendarez-Torres and its progeny (dictatorship).

## B. IT IS UPON ALL FEDERAL COURTS TO FOLLOW THE SUPREME COURT (THE LAW OF THE LAND) HOLDING OVERRULING MCMILLAN V. PENNSYLVANIA AND ITS PROGENY ALMENDAREZ- TORRES LINE OF CASE LAW AND AUTHORITY IN LIGHT OF HUTTO V. DAVIS, 454 U.S. 370 (1982).

In Hutto v. Davis, 454 U.S. 370, 375 - 376, 70 L. Ed. 2d 556, 102 S. Ct. 703 (1982), the Supreme Court made it conclusive that a precedent of the United States Supreme Court must be followed by the lower federal courts no matter how misguided the judge or the courts may think it to be. "A Court of Appeals must follow the precedent of prior panels within its own circuit." United States v. Humphrey, 287 F.3d 422 (6th Cir. 2002).

Here, the Defendant demonstrates how the Supreme Court overruled McMillan and its progeny Alemendarez-Torres. See Doscher v. Sea Port GRP. LLC., 832 F.3d 372 (2016). It is a long standard rule of the Second Circuit that a three Judge Panel is bound by a prior panel's decision until it is overruled either by the United States Court of Appeals for the Second Circuit sitting en-banc, or by the United States Supreme Court.

This Courts constant use of the preponderance of the evidence standard has now been called into question by an intervening United States Supreme Court decision and was overruled. See Rivera v. Coombe, 683 F.2d 697 (2d Cir. 1982). The court system was created by the Constitution, Congress reminded us that

4

precedent of the Supreme Court must be followed by the lower Federal courts no matter how misguided the judges of those courts may think it to be.

The First Circuit Court of Appeals held that: The United States Supreme Court has repeatedly stressed the importance of both Circuits and District Courts faithfully following vertical precedents. United States v. Moore-Bush, 963 F.3d 29 (1st Cir. 2020).

In fact, only the United States Supreme Court may overrule one of its precedents. Unless courts wish to conduct anarchy to prevail within the federal judicial system, a precedent of the Supreme Court must be followed by the lower courts no matter how misguided the judges of those courts may think it to be. See Conde-Vidal v. Garcia-Padilla, 54 F. Supp. 3d 157 (1st Cir. 2014).

The United States Supreme Court is free to overrule itself as it wishes, but unless, and until it does, lower courts are bound by the United States Supreme Courts' summary decisions until such time it informs them they are not. Massachusetts Medical SOC v. Dukakis, 637 F. Supp. 684 (1st Cir. 1986). A Court may aggregate a rule by holding a statute unconstitutional, and a court may overrule its own precedents.

Under the Constitution, federal courts exercise only "judicial" powers. This means that federal judges may interpret the law only through the resolution of actual legal disputes, referred to in Article III of the Constitution as "Cases or Controversies." A court cannot attempt to correct a problem on its own initiative, or to answer a hypothetical legal question.

For example, a court of last resort held that the factual premises of a precedent are incorrect, either because circumstances have changed, or because advance in knowledge have revealed error, the court may overrule. For the purpose of the cited case law and authority the Defendant establishes that this court has the sole authority to overrule McMillan's progeny.

## C. THE DISTRICT COURT JUDGE USING THE PREPONDERANCE OF THE EVIDENCE STANDARD BY USING PRIOR CONVICTIONS "A.K.A." SENTENCING FACTORS IS NO LONGER GOOD LAW IN LIGHT OF SUPREME COURT OVERRULING ITS PRECEDENT MCMILLAN AND ITS PROGENY ALMENDAREZ-TORRES

Here, the Gravamen of the Defendant's argument stand upon the Supreme Court overruling its precedents McMillan v. Pennsylvania; and its progeny Almendarez-Torres v. United States. The Supreme Court held that: "It need not set forth factors relevant only to the sentencing of an offender found guilty of a charged crime". Within limits, see McMillan, 477 U.S. 79 (1986).

Furthermore, the defendant contends that the Supreme Court has done away with sentencing factors, especially in United States v. Haymond, 204 L. Ed. 2d 897 (2019), the Supreme Court held that: "Only a jury acting on proof beyond a reasonable doubt may take a person's liberty." Therefore, nowhere in Haymond

does the Supreme Court opinion state that they have made an exception to prior convictions as being a sentencing factor. "Under our Constitution, "when a finding of fact alters the legally proscribed punishment so as to aggravate it". Id at 114, 133 S. Ct. 2151. Along the way the Supreme Court observed that there can be little doubt that "elevating" the low end of a sentencing range heightens the loss of liberty associated with the crime.

Before Haymond, the Supreme Court held in Alleyne that the facts that increase a mandatory minimum sentence could be decided by a judge at sentencing rather than a jury. Id at 563-65. Alleyne overruled both Harris and McMillan, which held that such facts are instead elements that must be submitted to a jury, and must be proved beyond a reasonable doubt. 133 S. Ct. at 2158. Alleyne and Haymond makes it conclusive that when the Supreme Court had overruled Harris and McMillan precedents of authority the court also overrules its progeny.

Consequently, the lower courts must acknowledge the fact that the Supreme Court has announced a new rule of law under Alleyne and Haymond. The Supreme Court held that: "Only a jury, may take a person's liberty away that falls under the beyond a reasonable doubt standard." Haymond, 139 S. Ct. at 2374. Therefore, the Supreme Court has done away with the preponderance of the evidence standard, the courts use of "prior convictions" labeled as sentencing factors violates the Fifth and Sixth Amendments to the United States Constitution. The using of sentencing factors imposes a heightened punishment, expressly based, not solely on the defendant's original crime of conviction, but on old and new conduct, in which the defendant has not been convicted by a jury beyond a reasonable doubt. The accused may not be separately charged, convicted, and punished for conduct that was not found by the jury beyond a reasonable doubt.

Criminal proceeding generally unfold in three discrete phases, investigation, criminal prosecution, and sentencing. The Due Process Clause protects defendants during each phase. See Betterman v. Montana,__U.S.__, 136 S. Ct. 1609, 1613, 194 L. Ed. 2d 723 (2016).

In the Present case, the defendant argues that the previous holdings that is binding in the Fist Circuit and Second Circuit Court of Appeals decision relying on the preponderance of the evidence standard must now be overturned, overruled, as being unconstitutional and unenforceable in light of the Supreme Court in Alleyne overruling McMillan and its progeny.

The First Circuit has previously held that: "The Government need not prove the facts used for sentencing beyond a reasonable doubt". United States v. Wright 873 F.2d 437 (1st Cir. 1989). "The preponderance of the evidence standard satisfies Due Process. See United States v. Pineda 981 F.2d 569 (1st Cir. 1992) (relying on McMillan v. Pennsylvania, 477 U.S. 79 (1986)). The First Circuit court of Appeals has also held that: Since Almendarez-Torres has neither been overruled nor abrogated by the Supreme Court, we are bound by its specific holding. See United States v. Gonzalez, 949 F.3d 30, 42 (1st Cir. 2020). This is no longer good law, contradicts Haymond, and must be deemed unconstitutional.

6

The Second Circuit Court of Appeals in United States v. Lee, 818 F.2d 1052 (2d Cir. 1987), held that: "The preponderance of the evidence standard satisfies the Due Process Clause of the Fourteenth Amendment in context of sentencing". (Relying on McMillan)

For example, a defendant's acquittal on the charge of using and carrying a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)) is not determined in the sentencing decision. "The jury's not guilty verdict merely demonstrates the government's failure to prove guilt beyond a reasonable doubt". The Supreme Court has previously held that the preponderance of the evidence standard satisfies Due Process, which is unconstitutional.

However, case law clearly establishes that the government need not prove the facts used for sentencing "beyond a reasonable doubt". The Supreme Court in McMillan has previously held that the preponderance of the evidence standard satisfies Due Process." Wright, 873 F.2d at 441. For the reasons stated above cited by the Defendant must be overturned by the lower courts to help prevent a further miscarriage of justice under the Due Process Clause.

## D.  IT IS UNCONSTITUTIONAL FOR THE LEGISLATURE TO TURN ELEMENTS OF AN OFFENSE INTO A SENTENCING FACTOR TO CIRCUMVENT A FEDERAL GRAND JURY PROCEEDINGS AND THE SIXTH AMENDMENT RIGHT TO TRIAL BY JURY

The gravamen of the Defendant's argument stands on the grounds that Congress has violated the federal constitution Fifth and Fourteenth Amendments (Due Process of Law), by removing facts from the jury by creating offense elements as sentencing factors. Relevant cases deriving from McMillan (McMillan's progeny) are considered no longer to be good law, McMillan's progeny has been overruled by the Supreme Court in Alleyne and Haymond.

Sentencing factors consist of the following: (1) Prior convictions that enhance a defendant's sentence under the ACCA; (2) drug quantity and type mandatory minimums created out of 21 U.S.C. § 841(b); (3) Federal Sentencing Guidelines Enhancements created out of § 2k2.1(1)-(6); (4) USSG § 2D1.1(a)-(c) (18 U.S.C.S. Appx § 2D1.1); (5) Leadership role enhancement pursuant to USSG § 3B1. 1(a); (6) facts to be considered as relevant conduct under USSG § 1b1.3(a)(2); and (7) Inter alia all sentencing facts.

The Supreme Court held in United States v. Booker,  that the U.S. sentencing guidelines manual violated the Sixth Amendment which requires that facts under guidelines enhancing a defendants sentence to be proven to a jury beyond a reasonable doubt. Booker determined that the appropriate cure was to sever and excuse the provisions of the statute that rendered the guidelines mandatory, 18 U.S.C.S. § 3553(b)(1). Booker, 543 U.S. at 245. As a result, the Guidelines are advisory.

Accordingly, the Sixth Circuit Court of Appeals believes that Congress did not intend the ACCA to create a separate offense mandating the government to specifically plead its indictment and prove at the trial in chief the recidivism that triggers the enhanced sentencing statute, and because this court believes that the Supreme Court decision in McMillan v. Pennsylvania, is alien to the resolution of the issue. See United States v. Brewer, 853 F.2d 1319, 1322 (6th Cir. 1988). This interpretation of the law is Unconstitutional, due to the fact that the preponderance of the evidence standard deriving from McMillan violates the 5th and 6th Amendments to the United States Constitution.

Here, the Defendant argues that the court must overrule the above cases cited in its authority in light of Alleyne and Haymond, overruling McMillan and its progeny, because it violates the Due Process Clause. This court must hold that applying sentencing enhancements created by Congress as sentencing factors to remove certain facts from the jury is unenforceable, and is no longer good law. This violates the Due Process Clause.

Thus, Mr. Cortez claims that the preponderance of the evidence standard violates the 5th, 6th, and 14th Amendments to the United States Constitution. See Gonzalez, 949 F.3d at 39.

### E. Sentencing enhancements violates due process clause

Mr. Cortez contends sentencing enhancements violates due process clause if: (1) it alters the minimum and maximum statutory penalty available for the crime; (2) negates the presumption of innocence; (3) relieves the government's burden of proving the defendant's guilt beyond a reasonable doubt; (4) creates a separate offense calling for a separate penalty; (5) fails to give fair notice of the conduct it punishes; or (6) is so standard that it violates arbitrary government.

Additionally, Alleyne and Haymond represent a major **"sea change"** which fundamentally altered Due Process jurisprudence by turning every sentencing factors into a new element of an offense. The Supreme Court overruled McMillan and its progeny, which now holds that sentencing factors under the Due Process Clause are unconstitutional, and unenforceable.

"A federal law violates the Due Process Clause only if it is so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement". United States v. Johnson, 135 S. Ct. 2551, 2556, 192 L. Ed. 2d 569 (2015).

The Due Process Clause requires that: only a jury acting on proof beyond a reasonable doubt may take a person's liberty. Reconsideration under the Sixth Amendment line of cases in McMillan, the Supreme Court reviewed the constitutionality of a Pennsylvania law requiring a five year mandatory minimum sentence for a person found guilty of certain felonies is the sentencing judge found, by a preponderance of the evidence. McMillan, 477 U.S. at 81. Five out of four Supreme Court Justices held that visible possession of a firearm is

8

not an element of the crimes enumerated in the states mandatory sentencing statute, and is a sentencing factor that comes into play only after a defendant has been found guilty of one of those crimes beyond a reasonable doubt. This ruling has now been undermined by the Supreme Court decision in Alleyne altering Due Process.

Here, the Defendant argues that today's new Constitutional rule of law created under Alleyne makes it perfectly clear that the Due Process Clause bars the Legislature from pursuing it's chosen course of the area of defining crimes, and proscribing penalties. Therefore, the preponderance of the evidence standard allows the government to arbitrary enforcement, and avoid giving notice to punishable conduct, which violates the Due Process Clause. See Johnson, 135 S. Ct. at 2256.

Accordingly, once the state defines a criminal offense, the Due Process Clause requires the government to prove any component of the prohibited transaction that gives rise to both a special stigma, and a special punishment beyond a reasonable doubt. This has been evident at least since In Re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). In that case, the Supreme Court "explicitly" held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charges". Id 397 U.S. at 364.

The Supreme Courts' decisions in the last 10 years have moved towards the Marshalls-Stevens view. They have highlighted the Constitutional dangers in removing from the jury the assessments of facts by a reasonable doubt standard that incorporates constitutional protections if they increase the prescribed range of penalties to which a criminal defendant is exposed. See Almendarez-Torres, 523 U.S. 224 (1998); Monge v. Califonia, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1988); Jones v. United States, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999); Apprendi, 530 U.S. 466; Ring v. Arizona, 536 U.S. 584 (2002); Blakely, 542 U.S. 296; Booker, 543 U.S. 220; Cunningham v. Califonia, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

The Supreme Court held in Almendarez-Torres, that: "We believe that Congress intended to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense". Almendarez-Torres, 523 U.S. at 235 -236. The Court declared that the enhancement is not a separate crime and the government is not required to charge it in the indictment or prove it to a jury beyond a reasonable doubt. Id. 523 U.S. at 226-227. The Court's holding sparked a dissent by four which suggest the court's shifting jurisprudence on the Sixth Amendment, culminating in Booker.

The dissent in Almendarez-Torres analyzed case law interpreting the Sixth Amendment as requiring that all elements of a crime be proven to a jury beyond a reasonable doubt. Mr. Cortez argues that it is incumbent upon this Court to overturn McMillan's progeny in light of the Supreme Court decisions in Alleyne and Haymond.

In fact, sentencing factors as relevant conduct increases a defendant's sentence, sometimes very significantly, despite the fact it was not charged in the indictment, e.g., United States v. Blanco, 888 F.2d 907, 910 (1st Cir. 1998), and even despite the fact that a jury may have acquitted the defendant for that precise conduct. E.g., United States v. Moccialo, 891 F.2d 13, 16-17 (1st Cir. 1989); United States v. Rumney, 867 F.2d 714, 719 (1st Cir. 1989) ("traditional sentencing factors need not be pleaded and proved at trial") (quoting Brewer, 853 F.2d at 1326). This is because sentencing factors, including the applicability of relevant conduct, need only be proven by a preponderance of the evidence, not beyond a reasonable doubt. Mocciola, 891 F.2d at 16-17; United States v. Galloway, 976 F.2d 414, 426 n.6 (8th Cir. 1992) (Adhering McMillan, 106 S. Ct. at 2415-2418).

Sentencing factors, such as those set out in 21 U.S.C.S. § 841(b), including the amount of controlled substances that a defendant is charged with possessing, need not be verified in the indictment. See United States v. Stone 139 F.3d 822, n.12 (11th Cir. 1998). Regardless of a factor's appearance in the indictment or consideration by the jury, the presence of a penalty sentencing factor is to be determined by the sentencing district judge, who need only find its existence by a preponderance of the evidence. See McMillan v. Pennsylvania, 477 U.S. 79, 84, 91, 106 S. Ct. 2411, 2415, 2418, 91 L. Ed. 2d 67 (1986).

Here, Mr. Cortez argues it is incumbent upon the court to overturn McMillan's progeny in light of the Supreme Court decision in Alleyne and Haymond. The preponderance of the evidence standard is unconstitutional, and violates the 5th, 6th, & 14th Amendments to the United States Constitution.

For the reasons stated above, the court must overrule all prior decisions that have relied on McMillan and its progeny that once operated and continues to deny litigants of their Constitutional rights (5th, 6th, & 14th Amendments).

## F.  The Due Process Clause now requires Congress / Legislatures to reconstruct all sentencing factors into new elements of an offense pursuant to the Due process Clause and a right to Trial by a Jury

In the present case, Mr. Cortez claims that prior convictions being treated as sentencing factors (including sentencing factors) deprives an accused the right to trial by jury. The Government changed the landscape of the Criminal Procedure under the Due Process Clause, when the Supreme Court made it perfectly clear that it is unconstitutional for the legislature to create enhancements by labeling them sentencing factors to remove those factors from the jury. "Only a jury, acting on proof beyond a reasonable doubt, may take a person's liberty". That promise stands as one of the Constitutions most vital protections against arbitrary Government.

Accordingly, Haymond stands for the proposition that only a jury can take away a person's liberty on proof beyond a reasonable doubt. Therefore, all factors that are labeled as sentencing factors must now be stated in the indictment, charged by a grand jury, and proven by the prosecution beyond a reasonable doubt.

Applying the teachings of Government of Virgin Islands v. Castillo, 550 F.2d 850, 854 - 85 (CA3 1977), Jones; Alleyne, Blakley, Almendarez-Torres, and their progeny. Mr. _____ argues that sentencing factors creates new creatures of a statutory offense that must become now new species / elements of a separate federal criminal offense. In other words, all previous sentencing factors must be converted into elements of a crime presented to a grand jury beyond a reasonable doubt, the preponderance of the evidence standard is unconstitutional, and is no longer binding upon the courts. Which previously allowed criminal sanctions without due process of law.

In Haymond, the Supreme Court created a new constitutional procedural rule of law, by requiring all facts that increase a defendant's punishment and sentencing range ("including prior convictions"), must now become elements, and submitted to the jury.

At the time of the Fifth and Sixth Amendment adoption, a judge's sentencing authority derives from and is limited by the jury's factual findings of criminal conduct. A jury must find beyond a reasonable doubt every fact "which the law makes essential to [a] punishment" that a judge might later seek to impose. See Blakely, 542 U.S. at 304.

For the reasons mentioned above, the Defendant request the court to take judicial notice that the Supreme Court McMillan v. Pennsylvania, and has also overruled its progeny Almenderez-Torres. Including any previous inadequate law deriving from such line of cases, which must no longer be applied.

## G.  The Courts must provide Defendants Due Process of Law during the critical stage of sentencing

Here, Cortez  contends that the Courts must provide Defendants Due Process of Law during the critical stage of sentencing that the Supreme Court has failed to provide the Defendant in McMillan v. Pennsylvania.

The Anglo-American tradition of individualized sentencing was largely abandoned, depriving sentencing judges of much of their discretion and important many questions traditionally handled at the stage of sentencing process. Due Process considerations tended to be ignored. See Burns v. United States, 501 U.S. 129, 148, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991) (Souter, J., dissenting).

For years, the judicial system has defined statutory crimes and offenses as being sentencing factors that only comes into play during the critical stage of sentencing. Sentencing factors relieves the Government from provided fair notice to the accused of the charges being used against him, finding actual criminal conduct that establishes probable cause, and removes elements of a criminal offense from a jury to decide the facts

11

of the defendant's case, which results in a prejudicial variance, constructive amendment, miscarriage of justice, and malprosecution.

"A Defendant enjoys an expectation subject to Due Process Protections that he will receive a sentence within the presumptively applicable range in the absence of grounds defined by the [sentencing factors] Act as justifying departure". (Emphasis added); Joseph W. Luby, Reining in the "Junior Varsity Congress": A Call for Meaningful Judicial Review of the Federal Sentencing Guidelines, 77 Wash. U.L.Q. 1199, 1207 (1999) ("harsher than Congress required or sound policy dictated").

For example, the First Circuit Court of Appeals has held that: "Drug quantity and type is not an element of the offense of conviction", 21 U.S.C. §§ 846, 841(a)(1), but is typically relevant only for determining the penalty. See United States v. Lindia, 82 F.3d 1154, 1161 (1996). As such, a drug quantity for purposes of 841(b) is determined by the sentencing court under the preponderance of the evidence". Quoting United States v. Campbell, 61 F.3d 976, 979-80 (1st Cir. 1995) (citing United States v. Lam Kwong-Wah, 296 U.S. App. D.C. 162, 966 F.2d 682 (D.C. Cir.), cert. denied, 506 U.S. 1112, 121 L. Ed. 2d 858 , 115 S. Ct. 1968 (1990).

Not that the court, not the jury, determines drug quantity and type under 841(b). See United States v. Barnes, 890 F.2d 545, 551 n.6 (1st Cir. 1989), cert. denied, 494 U.S. 1019, 108 L. Ed. 2d 501, 110 S. Ct. 1326 (1990); see also United States v. Lombard, 72 F.3d 170, 175-76 (1st Cir. 1995) (Explaining that "once convicted, a defendant has no right to facts proved beyond a reasonable doubt," rather, applicable standard is preponderance of the evidence). Reaffirming preponderance of the evidence standard satisfies Due Process at sentencing. United States v. Whiting, 28 F.3d 1296, 1304 & n.5 (1st Cir. 1994) (Relying on McMillan).

In Lindia, the defendant argued that the government must prove drug quantity beyond a reasonable doubt, and that the right to a "jury trial on the question of quantity". The Court responded and told Lindia, "either you get a trial on the offense or not". Under Apprendi and Alleyne, drug quantity is an element for the purposes of the aggravated penalties under 21 U.S.C.S. § 841(b)(1)(A) and (B), but is not an element necessary for the core offense under 21 U.S.C.S. §§ 841(a)(1) and 846.

Here, Mr. Cortez has clearly established that sentencing factors are allowing the Government (including the Courts) to arrest, prosecute, and convict individuals based solely on sentencing factors, by the preponderance of the evidence standard. Depriving individuals of their liberty without Due Process. A judge's authority to issue a sentence derives from, and is limited by, the jury's factual findings of criminal conduct, not by the preponderance of the evidence standard. The Constitutional guarantees cannot mean less today than they did the day they were adopted. See 1 J. Bishop, Criminal Procedure sec. 80, 84, pp. 55 (2d ed. 1872); J. Archbold, Pleading and Evidence in Criminal Cases * 106 (5th Am. ed. 1846) (Archbold); see also M. Hale, Pleas of the Crown *170 (1736).

In fact, when a fact aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant might have received if a different range had been applicable. Whether a defendant could have received the same sentence without the aggravating facts is no answer and is beside the point.

In Apprendi, the United States Supreme Court holds that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond a reasonable doubt. In Alleyne, the Supreme Court holds that any fact that increases the mandatory minimum is an element that must be submitted to the jury and proved beyond a reasonable doubt. In Haymond, the Supreme Court held that: "Under our Constitution", "when 'a finding of facts alters the legally prescribed punishment so as to aggravate it' that finding must be made by a jury of the Defendant's peers beyond a reasonable doubt". Id. at 2378.

Consequently, Mr. Cortez contends that: (1) Sentencing factors are allowing individuals to be arrested for drugs without being in actual, or constructive possession of narcotics (drugs that don't exist, imaginary drugs); (2) Sentencing factors relieves the government from proving beyond a reasonable doubt elements of a crime alleged to have been committed; (3) The Legislatures have not a amended the preponderance of the evidence standard set out in McMillan v. Pennsylvania, which deprives individuals of their Constitutional rights (5th, 6th, & 14th Amendments); and (4) The courts have transformed sentencing factors into elements of a crime during criminal prosecutions when they decide is necessary, or deems is appropriate, which is Unconstitutional. E.g., United States v. Zillgitt, 286 F.3d 128 (2d Cir. 2001); see also United States v. Delgado-Marrero, 774 F.3d 167 (1st Cir. 2014).

The Fifth Amendment requires that all elements of a crime be proven to a jury beyond a reasonable doubt. Under the Sixth Amendment any fact that increases the penalty of a crime must be submitted to a jury, and proven beyond a reasonable doubt. Id. 744 F.3d at 185 - 186.

In our presence, the Judicial System must not be able to apply contaminated law that has been overruled by the Supreme Court, nor its progeny, to obtain present or future convictions. Therefore, the government (including the Judge) must be barred from prosecuting individuals on sentencing factors until the appropriate and proper remedy is initiated by the Legislative Branch.

## Conclusion

The Defendant respectfully request and prays that this Honorable Court take Judicial Notice of all facts raised above, to help prevent a further miscarriage of justice.

Respectfully Submitted,

By Adriano Cortez (Pro'Se)

_Adriano Cortz_

Date:

## CERTIFICATE OF SERVICE

I, Adriano Cortez hereby certify that the foregoing document is being served through United States postal mail to The District Court.